IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RAFFAELE M. PANDOZY | ) | |
| | ) | |
| v. | ) | 3-07-CV-845-K |
| | ) | |
| MARY ANN BEATY, ET AL | ) | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to Special Order No. 3-251, this case was referred to the undersigned magistrate judge for pretrial management, including the issuance of recommendations with respect to dispositive motions. In this report and recommendation the magistrate judge addresses the following motions and responses thereto and other relevant documents and papers:

1. Mary Ann Beaty's Motion to Dismiss (Doc. 13)

2. State Defendants' Motion to Dismiss (Doc. 14)

**FACTUAL BACKGROUND**: The interaction between Plaintiff on the one hand and the named Defendants on the other commenced more than nine years before the present action was filed. Because the conduct which took place prior to May 14, 2007, is material to the disposition of the Defendants' above referenced motions, the court summarizes the prior salient events.[1]

Pandozy was named as the respondent in a petition for divorce filed by his then wife, Annette Mumphrey Pandozy, in the 303rd District Court of Dallas County, Texas, in No. DF-98-5833-V. The action was filed by Mary Ann Beaty on April 8, 1998, and was ultimately terminated with the issuance of a divorce decree on June 6, 2000.

---

[1] The facts are derived from the allegations contained in Plaintiff's complaint and attached exhibits and from copies of court records which have been included as exhibits to the parties' motions and/or responses.

Thereafter Pandozy filed a *pro se* petition in the 101st District Court of Dallas County against his ex-wife's attorney, Mary Ann Beaty, in No. 03-5712-E. On December 4, 2003, the presiding judge, Honorable Jay Patterson, signed an order sustaining Defendant's motion to dismiss and dismissing Pandozy's petition with prejudice and awarding $9,000.00 in attorney's fees to Ms. Beaty. *See* Exhibit A to Beaty's Rule 11 Motion (Doc. 11).

On December 17, 2003, Pandozy filed a motion for new trial and for recusal. *See* Exhibit B attached to Plaintiff's complaint (Doc. 1). On December 18, 2003,Judge Patterson declined to recuse himself and requested that the Presiding Judge of the First Administrative Region assign a judge to hear the motion to recuse. On February 2, 2004, the Presiding Judge of the 1st Administrative Judicial District, Honorable John Ovard, denied Pandozy's motion to recuse.[2] On February 3, 2004, Plaintiff filed a notice of appeal from the February 2, 2004, order denying his motion to recuse. *Id.* at Exhibit E.[3] On April 2, 2004, the clerk of the Fifth Court of Appeals notified Plaintiff of deficiencies in his attempt to perfect an appeal. *Id.* Exhibit F. On April 25, 2004, the Fifth Court of Appeals dismissed the appeal for want of prosecution. *Id.* Exhibit G. On May 3, 2004, Pandozy filed a motion for rehearing, *Id.* Exhibit H, and in an opinion issued on July 2, 2004, the appellate court withdrew its prior opinion and held that the motion to recuse was moot and *sua sponte* dismissed the appeal for want of jurisdiction. *Id.* Exhibit I. Pandozy then filed a petition for review in the Supreme Court of Texas which was initially stricken on August 27, 2004, and was thereafter denied by the court on November 12, 2004, followed by an order on December

---

[2] Copies of these documents together with additional documents filed in the 101st District Court are included in Exhibit C to Plaintiff's complaint.

[3] The notice erroneously identifies the order as having been denied by Judge Keith Anderson.

31, 2004, denying his motion for rehearing. *See* Exhibit B to Beaty's Rule 11 motion.[4]

On June 23, 2006, Pandozy filed a petition for bill of review in the 101st District Court attacking the judgment filed on December 4, 2003. *See* Exhibit C to Plaintiff's complaint. On May 9, 2007, the presiding judge, Honorable Martin Lowy, issued a final judgment dismissing the case with prejudice and awarded costs and attorney's fees to Ms. Beaty. *See* Exhibit G to Beaty's Rule 11 motion.

**FINDINGS AND CONCLUSIONS**: It is well settled that federal district courts lack jurisdiction to entertain collateral attacks on state judgments under the *Rooker/Feldman* doctrine.[5] "If a state trial court errs [its] judgment is not void, it is to be reviewed and corrected by the appropriate state appellate court. Thereafter, recourse at the federal level is limited solely to an application for a writ of certiorari to the United States Supreme Court." *Liedtke v. State Bar of Texas*, 18 F.3d 315, 317 (5th Cir.) reh. denied, cert. denied 513 U.S. 906 (1994). As made clear by the court in *Liedtke* a complainant cannot circumvent this jurisdictional bar by couching his claims in the context of a civil rights action.

It is also clear that this jurisdictional bar extends not only to those actions which on their face seek collateral review of a state court's actions and judgment but also to those complaints which assert constitutional claims that are inextricably intertwined with a state court's decision. *Hale v. Harvey*, 786 F.2d 688, 691 (5th Cir. 1986).

The claims asserted by Pandozy leave no doubt that this court has no jurisdiction to entertain

---

[4]Plaintiff apparently filed another notice of appeal on May 20, 2005, which the Fifth Court of Appeals dismissed for want of jurisdiction. *See* Exhibit B, Doc. 5.

[5]*See Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149 (1923) and *District of Columbia Court of Appeals v. Feldman* 460 U.S. 462, 103 S.Ct. 1303 (1983).

or consider them. His allegations directed against the state court judges, Jay Patterson and Martin Lowy, and against the clerk of the Fifth Court of Appeals, relate specifically and directly to their conduct and judgments filed in his initial state action in No. 03-5712-E against Mary Ann Beaty and in his subsequently filed petition for bill of review in Case No. 06-06008.[6]

To the extent that Plaintiff seeks to invoke this court's jurisdiction over his claims leveled against Ms. Beaty, a private attorney, predicated on an alleged conspiracy between herself and the aforementioned state officials, it is clear that the same are inextricably intertwined with the state court judgments.[7] Moreover, as evidenced by his complaint Plaintiff seeks to present the identical claims against Ms. Beaty which he asserted in his amended petition in No. 03-5712-E and in his petition for bill of review in No. 06-06008, embellished only by his claim that her prior conduct violated his civil rights. *See* Plaintiff's verified complaint at page 8 incorporating in his complaint the entirety of his pleadings in the state court actions.[8] Therefore, this court is likewise without jurisdiction over his claims against this non-public defendant.

**RECOMMENDATION**:

---

[6] Although the state defendants also correctly assert that they are entitled to immunity against Plaintiff's claims for monetary damages, *See* State of Texas et al's Motion to Dismiss at pages 3-4, the same need not be addressed in light of the absence of jurisdiction in this court.

[7] In light of the Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955 (2007), abandoning the "no set of facts" standard set out in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99 (1957), in addressing Rule 12(b)(6) motions, it is questionable whether Pandozy's conspiracy allegations state a cognizable claim were his complaint not otherwise barred by *Rooker/Feldman*.

[8] Pandozy's action in bringing a federal lawsuit following an unsatisfactory conclusion of a divorce proceeding is hardly novel in this district. *See Hale v. Harvey, supra,* and *Jordan v. Hall*, 275 F.Supp. 2d 778 (N.D. Tex. 2003) and *Nagy v. George*, 2007 W.L. 2122175 (N.D. Tex. July 23, 2007).

4

For the foregoing reasons it is recommended that the District Court enter its order granting the Defendants' motions to dismiss and that Plaintiff's complaint be dismissed for want of jurisdiction.

It is further recommended that all other pending motions in this case, to wit: Plaintiff's motion for stay of judgment (Doc. 6); Beaty's motion for sanctions (Doc. 11) and Beaty's supplemental Rule 11 motion (Doc. 17) be denied as moot.

A copy of this recommendation shall be transmitted to Plaintiff and counsel for Defendants.

SIGNED this 3rd day of August, 2007.

*Wm. F. Sanderson, Jr.*

_____
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

## NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to <u>Douglass v. United Servs. Auto Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (<u>en banc</u>), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a <u>de novo</u> determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.